**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

HAMID RAZI, an individual,

      Plaintiff,

vs.                                                                 Case No.  5:12-cv-80-Oc-34PRL

REZA RAZAVI, an individual; HOSSEIN
RAZAVI, an individual; RAZBRO REAL
ESTATE INVESTMENTS, INC., a Florida
Corporation; RAZBRO CORPORATION, a
Florida Corporation, and PAUL H.
NESSLER, JR., an individual,

      Defendants.

_____/

**ORDER**

    **THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and

Recommendation (Doc. No. 72; Report) entered on December 21, 2012.  In the Report, Judge

Lammens recommends that the motions to dismiss Plaintiff's Second Amended Complaint

(Doc. No. 50; Amended Complaint) filed by Defendants Reza Razavi, Hossein Razavi, Razbro

Real Estate Investments, Inc., and Razbro Corporation ("Razavi Defendants") (Doc. No.57;

Razavi Motion) and Defendant Paul H. Nessler, Jr. ("Nessler") (Doc. No. 56; Nessler Motion)

be denied, in part, and granted, in part. On January 4, 2013, the Razavi Defendants and

Nessler each filed an Objection to the Magistrate Judge's Report and Recommendation (Doc.

No. 73; Razavi Objection; Doc. No. 74; Nessler Objection). On January 6, 2013, Plaintiff also

filed an Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 75;

Plaintiff's Objection).

Turning to the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Plaintiff, the Razavi Defendants, and Nessler have each raised numerous arguments in their respective Objections to the Report.[1] After careful review of all objections by each party, the Court supplements the reasons already outlined in the Magistrate Judge's Report as to two specific issues. First, the Court will discuss Plaintiff's argument that Defendants Reza Razavi, Hossein Razavi, and Nessler, as individuals, are not parties to the sale of land contract and, therefore, California law governs the substantive claims as the Florida choice of law provision would not be applicable to Plaintiff's claims against them.  See Plaintiff's

---

[1]By party, following are the remaining objections this Court has reviewed but declines to address beyond accepting the reasoning supplied in the Magistrate Judge's Report: 1) Plaintiff, in addition to arguing that California law applies, argues that the statute of limitations does not bar Plaintiff's claims under California's Delayed Discovery Rule; that all fraud-based claims are sufficiently alleged to satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure; and that all other claims not subject to the heightened pleading standard are sufficiently alleged, see generally Plaintiff's Objection; 2) the Razavi Defendants contend that the Amended Complaint does not sufficiently state a fraud claim against Reza as an individual; and, more generally, that the Motion to Dismiss should be granted and that all claims should be dismissed with prejudice, see generally Razavi Objection; 3) Nessler argues that Plaintiff does not allege an attorney-client relationship with Nessler for any transaction; that Counts IV, VI, and VII be dismissed with prejudice; that the discovery doctrine is not applicable to Plaintiff's fraud, concealment, negligent misrepresentation, and conspiracy claims; that the General Release and Indemnification warrant dismissal of claims against Nessler; that Plaintiff has not sufficiently alleged a claim for Counts II, III, V, and VIII; and, lastly, that Count XIV be specifically recommended for dismissal against Nessler, see generally Nessler Objection.

-2-

Objection. Next, the Court will turn to the Razavi Defendants' argument that Plaintiff's fraud-based claims are barred by the economic loss rule.  See Razavi Objection.

### I. Choice of Law Provision Applicable to Non-Parties

Plaintiff argues the Magistrate Judge erred when he recommended in the Report that the Florida choice of law provision warrants the application of Florida law, rather than California law, in the instant case. See Plaintiff's Objection at 3. Specifically, Plaintiff submits that "Defendants Reza, Hossein, and Nessler are not parties to the land contracts and the choice of law provision contained in them is not applicable to the claims against these Defendants." See id. Put another way, Plaintiff contends that because the contracts are between Plaintiff and Defendants Razbro Real Estate Investment, Inc., and Razbro Corporation, both Florida Corporations, the choice of law provision contained in the contracts is only applicable to them as signatory parties and cannot be invoked by the individual non-signatory Defendants.

Though not cited by either party, the Court finds the reasoning offered in Liles v. Ginn-La West End, Ltd., 631 F. 3d 1242 (11th Cir. 2011), helpful in determining whether, in the instant case,  the choice of law provision in the sale of land contracts may be invoked by the non-signatory Defendants Reza, Hossein, and Nessler. In Liles, the Eleventh Circuit Court of Appeals affirmed the trial court's findings that the forum selection clause in a sale of land contract was binding on both defendant Ginn-La, a corporation, and the non-signatory defendant principals of Ginn-La. Id. at 1243. The court reasoned by way of analogy that "the Eleventh Circuit Court of Appeals has recognized that a non-signatory to a contract may invoke an arbitration clause therein under a theory of equitable estoppel, under agency or

related principles, or where the non-signatory is an intended third-party beneficiary of the contract." Id. at 1256 (citing to MS Dealer Serv. Corp. V. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).

In applying the reasoning from Liles to the instant case, Defendants Reza, Hossein, and Nessler, though not signatory parties, are bound by the choice of law provision contained in the sale of land contracts. In his Report, Judge Lammens determined that "as drafted, every claim in the [Amended Complaint], except for Plaintiff's claim for quantum meruit, is inextricably and factually tied to the transactions which culminated in the parties' execution of the land sale contracts that contain the choice of law provision." Report at 10-11. Indeed, Reza and Hossein are specifically alleged to be principals of the corporate Defendants Razbro Real Estate Investments, Inc. and Razbro Corporation, and to have acted within the scope of their agency or employment with respect to all of the claims in the Amended Complaint.  Similarly, all of the claims against Nessler arise from the transaction reflected in the land sales contract and his actions or failures to act, on behalf of the parties,  in connection with those transactions. With respect to the claims in the Amended Complaint, under the facts alleged, Defendants Reza, Hossein, and Nessler may appropriately invoke the broad choice of law provision, "a theory of equitable estoppel, or under agency or related principles."[2] For these reasons, the Court will accept the Report and will overrule Plaintiff's Objection that the Florida

_____

[2]Additionally, the Court notes that Nessler would appear to be an intended third party beneficiary of the contracts.

choice of law provision is not applicable to non-signatory Defendants Reza, Hossein and Nessler.[3]

### **II. Fraud-Based Claims Not Barred by Economic Loss Rule**

The Razavi Defendants argue that Plaintiff's fraud-based claims are barred by the economic loss rule.  See Razavi Objection at 3. In his Report, Judge Lammens states that "because Plaintiff essentially alleges that his ability to negotiate fair terms was undermined by Reza's fraudulent behavior, [...] for purposes of the motion to dismiss, Plaintiff has stated independent causes of action that are not barred by the economic loss rule." Report at 14-15. The Court notes that the Magistrate Judge was correct in his application of the economic loss rule to Plaintiff's fraud-based claims at the time the Report was issued. However, the Razavi Defendants economic loss rule argument was foreclosed in more definite terms following the entry of the Report when the Supreme Court of Florida determined that application of the economic loss rule should be limited solely to products liability cases. Tiara Condominium Ass'n, Inc., v. Marsh & Mclennan Co., Inc., No. SC10-1022 (Fla. Mar. 7, 2013). As such, the economic loss rule is not applicable to the instant case, and the Plaintiff's fraud-based claims are not barred by the economic loss rule as suggested by the Razavi Defendants.

As to the remainder of the parties' Objections, upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

---

[3]The Court further concurs with Judge Lammens' assessment that the governmental interest analysis would result in the application of Florida law.

Accordingly, it is hereby **ORDERED**:

1.     Plaintiffs' Objection to Magistrate Judge's Report and Recommendation (Doc. No. 75) is **OVERRULED**.

2.     Razavi Defendants' Objection to Magistrate Judge's Report and Recommendation (Doc. No. 73) is **OVERRULED**.

3.     Defendant Nessler's Objection to Magistrate Judge's Report and Recommendation (Doc. No. 74) is **OVERRULED**.

4.     Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. No. 72) is **ADOPTED** as the opinion of the Court.

5.     Defendant, Paul H. Nessler, Jr.'s, Motion to Dismiss Second Amended Complaint and Supporting Memorandum of Law (Doc. No. 56) and the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 57) are **GRANTED, in part, and DENIED, in part,** as follows:

   A.     All claims and causes of action pled against Hossein Razavi are **DISMISSED WITHOUT PREJUDICE**.

   B.     To the extent Plaintiff's claims for breach of fiduciary duty (Count I), aiding and abetting breach of fiduciary duty (Count II), unconscionability (Count III), negligence (Count VIII), common count quasi contract (Count IX), and book account (Count XIII) are predicated on transactions and conduct occurring before September 1, 2007, such claims are barred by the statute of limitations, and therefore **DISMISSED**.

C. Plaintiff's claims of breach of fiduciary duty (Count I) and constructive fraud (Count V) are **DISMISSED WITHOUT PREJUDICE** as to Razbro Real Estate Investments, Inc., and Razbro Corporation.

D. Plaintiff's claims of fraud (Count IV), concealment (Count VI), negligent misrepresentation (Count VII ) and conspiracy (Counts XIV and XV I) are **DISMISSED WITHOUT PREJUDICE**.

E. Plaintiff's claim for common count quasi-contract (Count IX) is **DISMISSED WITHOUT PREJUDICE**.

F. Plaintiff's claim for unfair competition (Count XI) is **DISMISSED WITHOUT PREJUDICE** as to Razbro Real Estate Investments, Inc., and Razbro Corporation.

G. Plaintiff's claim for book account (Count XIII) is **DISMISSED WITHOUT PREJUDICE**.

6. In all other respects, Defendant, Paul H. Nessler, Jr.'s, Motion to Dismiss Second Amended Complaint and Supporting Memorandum of Law (Doc. No. 56) and the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 57) are **DENIED**.

**DONE AND ORDERED** in Chambers, this 22nd day of March, 2013.

MARCIA MORALES HOWARD
United States District Judge

i20
Copies to:
Counsel of Record
The Honorable Philip R. Lammens,
United States Magistrate Judge